UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BALATON CONDOMINIUM, LLC, a Delaware limited liability company,

Plaintiff,

v.

BALATON CONDOMINIUM ASSOCIATION, a Washington corporation,

Defendant.

CASE NO. C07-564-JCC

ORDER

This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. No. 7) and Plaintiff's Motion to Consolidate and Motion re: Fraudulent Joinder and FRCP 21 Severance (Dkt. No. 16), as well as the balance of the papers filed on these motions. Having reviewed the materials submitted and found that oral argument is not necessary, the Court finds and rules as follows.

**I.    BACKGROUND**

This dispute arises out of a 2003 apartment-to-condominium conversion, which is the source of allegations by Defendant Balaton Condominium Association that various code violations and construction defects ultimately caused harm to the condominium owners. In July of 2005, Defendant Balaton Condominium Association sent a notice of claim regarding these allegations to "Equity Residential," a

ORDER – 1

member of Plaintiff Balaton Condominium, LLC. (Def.'s Mot., Siegel Decl. Ex. B.) Discussions ensued, and those parties unsuccessfully attempted to mediate their dispute in October 2006. (*Id.* ¶ 12.) Defendant then began litigation preparations, giving notice to Plaintiff at least by March of 2007 that it had prepared a draft complaint to be filed in King County Superior Court. (*Id.* Ex. D.) The draft complaint asserted Washington state common law and statutory claims, but no claims arising under federal law, and named defendants both within and outside Washington. (*Id.*) Defendant included this draft complaint as an attachment to a March 16, 2007 letter to Plaintiff and Equity. (*Id.*) The letter indicated that the parties planned another mediation for April 17, 2007, but that, unless informed otherwise, Defendant would be filing the suit in state court on April 2, 2007. Apparently, Defendant received a subsequent letter from Plaintiff on March 27, 2007, which prompted Defendant to agree to delay filing suit until after the conclusion of the April 17, 2007 mediation, if the matter remained unresolved at that time. (*Id.* Ex. E.) Accordingly, on April 2, 2007, Defendant sent a responsive letter informing Plaintiff's counsel that Defendant intended to file its state court lawsuit on April 18, 2007 if the mediation failed. (*Id.*)

The April 17, 2007 mediation lasted all day and into the early evening, but no settlement was reached. (*Id.* ¶ 18.) According to Defendant, prior to the April 17, 2007 mediation, Plaintiff had prepared its own Complaint to be filed in federal court if mediation proved unsuccessful. (*Id.* ¶ 19.) When the mediation failed, Plaintiff electronically filed that Complaint in this Court (Dkt. No. 1) on the evening of April 17, 2007, knowing that Defendant's state court lawsuit was to be filed the following day. (*Id.*)

Plaintiff's Complaint in this matter is a Declaratory Judgment action, brought pursuant to 28 U.S.C. § 2201, by which Plaintiff seeks a determination from this Court of its rights and liabilities vis-a-vis Defendant, under Washington common law and statutes. Defendant alleges that the instant federal suit was filed with no prior notice to Defendant that it might be filed, and that Plaintiff literally "raced to the courthouse" with this surprise anticipatory declaratory judgment action to avoid Defendant's

ORDER – 2

impending state court lawsuit being the first-filed action. Plaintiff does not dispute that its actions came as a surprise to Defendant; nor does Plaintiff dispute the chain of events leading up to filing this lawsuit.

Defendant nevertheless proceeded as planned to file its own action in state court, filing its twelve-claim state law complaint in King County Superior Court on May 1, 2007 (Case No. 07-2-14061-1 SEA). (*Id.* Ex. A.) On May 21, 2007, the defendants to that suit (one of which is Plaintiff in the present action) removed the case to this Court (No. C07-781-TSZ, Dkt. No. 1). On May 31, 2007, plaintiff to that suit (Defendant in the present action), Balaton Condominium Association, filed a motion to remand (No. C07-781-TSZ, Dkt. No. 7), arguing that no basis for federal removal jurisdiction existed over the wholly state-law lawsuit involving Washington residents on both sides. The defendants responded that the Washington defendants were "fraudulently joined" to the state court action solely to defeat diversity jurisdiction (No. C07-781-TSZ, Dkt. No. 10). Apparently unconvinced by the "fraudulent joinder" argument, United States District Judge Thomas S. Zilly granted Balaton Condominium Association's motion to remand the case to King County Superior Court on July 6, 2007 (No. C07-781-TSZ, Dkt. No. 17).

Defendant Balaton Condominium Association now seeks dismissal of the present action without prejudice or, alternatively, a stay pending the outcome of the reciprocal state court action. Plaintiff's motion seeks consolidation of this action with the case before Judge Zilly and an order that Washington resident defendants in the state court action were fraudulently joined and should be severed from the consolidated federal action.

**II.     ANALYSIS**

The Court finds that Plaintiff's consolidation request is MOOT in light of Judge Zilly's order remanding to state court the case with which Plaintiff sought consolidation of this action. There is no longer any other federal case suitable for consolidation with this matter. Similarly, because consolidation is no longer possible, the Court finds Plaintiff's severance request MOOT. This action contains a single Plaintiff and a single Defendant; there are not multiple parties on either side of the instant litigation that

ORDER – 3

may be severed. Finally, this Court has already rejected Plaintiff's "fraudulent joinder" argument. The Court can find no reason not to give preclusive effect to Judge Zilly's necessary disposition of that argument by his ruling on the motion to remand in the related case, particularly in light of the fact that Plaintiff has submitted almost identical briefing here. Therefore, Defendant's motion to dismiss or stay is all that remains for this Court to consider.

The Declaratory Judgment Act vests in district courts the discretionary power to hear cases, but does not compel exercise of that jurisdiction. 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party . . . .") (emphasis added); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942) (holding that the district court is under no compulsion to exercise Declaratory Judgment Act jurisdiction). Before reaching this discretionary consideration, the district court must assure that both constitutional and statutory prerequisites to jurisdiction are satisfied. *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222–23 (9th Cir. 1998). "A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III," and must also satisfy statutory jurisdictional requirements. *Id.*

"If the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate." *Id.* at 1223. In considering whether to exercise jurisdiction, relevant factors include whether the federal suit will entail needless determination of state law issues, whether litigants are seeking federal declaratory relief as a means of forum shopping, and whether the federal suit will produce duplicative litigation due to parallel state proceedings involving the same issues and parties. *Id.* at 1225 (listing the *Brillhart* factors). The latter of these considerations is particularly important: a parallel state proceeding triggers a presumption that the entire suit should be heard in state court. *Id.* (citing *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir. 1991)). "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by

ORDER – 4

federal law, between the same parties." *Brillhart*, 316 U.S. at 495.  The inquiry is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id., quoted in Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

In the instant case, it is clear that an actual case or controversy exists.  Moreover, the single Plaintiff is a Delaware LLC with its principal place of business in Illinois, and the current Defendant is a Washington nonprofit corporation. (Compl. 2.)  The amount in controversy far exceeds $75,000 by all parties' accounts. (*Id.*; *see also* Def.'s Mot., Siegel Decl. Ex. A (state court suit demanding well over $1 million).)  Thus, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.  Because the constitutional and statutory jurisdictional prerequisites are satisfied, the Court turns to the question of whether it ought to exercise the jurisdiction conferred by the Declaratory Judgment Act.

The facts of this case, the law at issue, and the procedural posture of the related state court case provide more than enough justification for this Court to decline to exercise jurisdiction. *Brillhart* requires the Court to consider the related questions of whether this federal court will needlessly determine issues of state law if it proceeds and whether any pending parallel state lawsuit involves the same legal issues and parties.  Both of these factors undermine the propriety of these proceedings.  No questions of federal law are at issue here.  Instead, this suit entails only Washington substantive law.  There is a state law action pending to resolve the precise questions raised here, and this Court has already determined, by way of remand, that federal diversity jurisdiction in that action does not exist.  Indeed, Plaintiff's failed removal of the state court case to federal court underscores that this case belongs in state court.  Further, while the parties here are not identical, this fact is merely a product of Plaintiff's selection of completely diverse parties in pleading this action.  What is more important is that all parties here are *also* parties to the state court lawsuit.  Moreover, no new or different issues have been raised in this forum which are not already central to the state court action.  Proceeding with this case would duplicate the state court lawsuit.

ORDER – 5

The issue of forum shopping also substantially impacts the Court's decision here.  First, the chronology of state and federal filings is not dispositive.  *Maryland Casualty Co. v. Knight*, 96 F.3d 1284, 1289 (9th Cir. 1996).  Thus, the fact that Defendant's state court proceeding was actually filed two weeks *after* this lawsuit is largely irrelevant to the forum-shopping analysis.  Second, Plaintiff in this litigation may have won the race to the courthouse, but its tactical move in so doing is transparent when viewed in the context of the parties' negotiations leading up to court-filings and litigation.  Plaintiff had notice that a state court lawsuit was on the horizon, and brought this action in an obvious attempt to avoid the state forum on the same night that mediation failed and on the eve Defendant's designated state court filing date.  Therefore, regardless of chronology, this Court is convinced that the instant lawsuit is a blatant example of reactive forum shopping.[1]

Finally, it is notable that Plaintiff does not even discuss the Declaratory Judgment Act or the appropriateness of a federal forum for this dispute in opposing Defendant's motion.  Instead, Plaintiff's opposition brief incorporates by reference[2] its motion for consolidation and severance, which in turn substantially restates the briefing submitted in a different case.  Because Plaintiff's briefing ignores the question before the Court, the Court is further convinced that Plaintiff can state no compelling reason that this Court should exercise jurisdiction.

//

//

//

//

---

[1] Because applying *Knight* in the context of this Declaratory Judgment Act discretionary analysis independently dispenses with the "first to file" rule, the Court does not further address Defendant's argument (Mot. 8–10) on that aspect of forum-shopping doctrine as it is applied in broader contexts.

[2] Local Civil Rule 7 expressly prohibits incorporation by reference of arguments in support of motions and requires oppositions to address the issues raised in the motion.  Plaintiff's submittal here (Dkt. No. 17) violates both of these provisions.

ORDER – 6

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion is GRANTED and Plaintiff's Motion is DENIED as MOOT.  This matter is DISMISSED without prejudice.  Accordingly, the Clerk is DIRECTED to CLOSE this case.

SO ORDERED this 17th day of July, 2007.

*John C. Coughenour*
John C. Coughenour
United States District Judge

ORDER – 7